UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CLEVELAND HICKMON,              )
                               )
        Plaintiff,             )
                               )
    vs.                        )        Case No. 4:06CV690 RWS
                               )
PRESIDENT CASINO, INC., et al., )
                               )
        Defendants.            )

## MEMORANDUM AND ORDER

This matter is before me on the motion to dismiss filed by the Missouri

Gaming Commission and two of its officials, Hopson and Johnson.  Hickmon

alleges that he was subjected to racial discrimination and harassment by these

defendants while employed as the Director of Security for the President Casino.[1]

Hickmon's complaint asserts § 1983 claims for race discrimination and harassment

(Count I) and false arrest and unlawful detention (Count V) against the Gaming

Commissioners.  Count VI asserts a § 1985 claim for conspiracy to commit a civil

rights deprivation, and Count VII alleges a § 1986 claim for neglecting to prevent a

civil rights conspiracy.  Hickmon also brings a malicious prosecution claim against

_____

[1]President Casino was named as a defendant but was later dismissed with
prejudice by Hickmon.  The complaint also names St. Charles County, its police
department and John and Jane Doe police officers as defendants, but they have not
filed a motion to dismiss.

the Gaming Commissioners (Count VIII). Hickmon's complaint includes

allegations against defendants Hopson and Johnson in Count I of the complaint.

Defendants move to dismiss Hickmon's claims based on the Eleventh

Amendment, qualified immunity and for failure to state a claim. The motion to

dismiss will be granted as described below.

## Discussion

In Counts I and V, Hickmon names the Gaming Commissioners as defendants

in both their official and individual capacities. However, his § 1983 claims for

damages against the Gaming Commissioners in their official capacities are barred by

the Eleventh Amendment. Generally, "in the absence of consent a suit in which the

State or one of its agencies or departments is named is proscribed by the Eleventh

Amendment." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100

(1984). Section 1983 does not abrogate the Eleventh Amendment immunity of

states and their agencies. See Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th

Cir. 1997). The Eleventh Amendment bar to suit brought against states and their

agencies applies both to suits for damages and suits for injunctive relief. Pennhurst,

465 U.S. at 100-01. Section 1983 damage claims against state officials acting in

their official capacities are considered to be suits against the state and therefore

barred by the Eleventh Amendment. Hafer v. Melo, 502 U.S. 21, 25 (1991);

Murphy, 127 F.3d at 754.  However, "state officials acting in their official capacities are § 1983 'persons' when sued for prospective relief, and the Eleventh Amendment does not bar such relief." Id.  Finally, "[t]he Eleventh Amendment does not bar damage claims against state officials acting in their personal capacities."  Id.  Because the Missouri Gaming Commission is an agency of the State of Missouri, the Eleventh Amendment bars plaintiff's § 1983 claims for damages against the Gaming Commissioners in their official capacities.  See Singleton v. Missouri Department of Corrections, 423 F.3d 886, 890 (8th Cir. 2005).[2]

Hickmon's malicious prosecution claim against the Gaming Commissioners is also barred by the Eleventh Amendment because the complaint fails to specify whether Hickmon is bringing this claim against these defendants in their official or individual capacities.  "[A]bsent a clear statement that officials are being sued in their personal capacities, we interpret the complaint as including official-capacity

---

[2]Hickmon argues that he should be able to pursue damage claims against the defendants in their official capacities because "they had a policy or custom of allowing negligence or indifference to the plaintiff's rights . . . ."  Defendants correctly note that these kinds of custom or policy suits may be brought against county or municipal entities because they are not state agencies entitled to Eleventh Amendment immunity.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 123 (1984).  Therefore, Hickmon's reliance on Board of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397 (1997), and other similar cases is misplaced.

only claims."[3] Murphy, 127 F.3d at 754. However, Hickmon's remaining claims for damages against the Gaming Commissioners in their individual capacities are not barred by the Eleventh Amendment.

The Gaming Commissioners also argue that plaintiff's individual capacity claims should be dismissed as to them because there is no respondeat superior liability under § 1983. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Mayorga v. Missouri, 442 F.3d 1128, 1132 (8th Cir. 2006) (internal citations and quotation marks omitted). The Eighth Circuit Court of Appeals no longer applies heightened pleading requirements for § 1983 claims against individuals. Doe v. Cassel, 403 F.3d 986, 988-89 (8th Cir. 2005). However, "[t]o establish personal liability of the supervisory defendants, [plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." Mayorga, 442 F.3d at 1132.

---

[3]Hickmon could assert individual malicious prosecution claims against these defendants in his amended complaint, as discussed below. In that case, Hickmon's claims could be reinstated but would still be subject to defendants' qualified immunity -- and any other -- defenses. See Murphy, 127 F.3d at 755 (district court has discretion to permit amendment to § 1983 complaint to specify that claims are brought in individual capacity when initial complaint is silent as to capacity).

A plaintiff's complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993) (holding that a motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claim." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court must review the complaint in the light most favorable to the plaintiff and take all well-pleaded allegations as true to determine whether the plaintiff is entitled to relief. See Conley, 355 U.S. at 45-46.

Hickmon contends that he adequately states § 1983 claims against the Gaming Commissioners because his complaint alleges that they are "directly involved in" the supervision of the gaming officials. This allegation is insufficient to establish that the Gaming Commissioners were personally involved in or directly responsible for the deprivations alleged in the complaint. Because Hickmon does not allege the personal involvement of these supervisory defendants, the complaint fails to state § 1983 claims against the Gaming Commissioners in their individual

capacities. Therefore, Hickmon's § 1983 claims against the Missouri Gaming Commissioners in their individual capacities are dismissed without prejudice.

Defendants Hopson and Johnson also argue that Hickmon has not sufficiently stated § 1983 claims against them. I agree. The complaint mentions Hopson once by name, alleging that he "demanded that the plaintiff contact his attorney and provide his ex-wife's social security number . . ." (Complaint ¶ 38). Similarly, the complaint alleges that Johnson "refused to allow the birthday event [of pop-star Nelly] to occur because they did not want that 'type of crowd.'" (Complaint ¶ 14). The remaining allegations refer to "gaming officials," without specifying Hopson or Johnson (or any other official) by name. Instead, it refers to "gaming officials (names unknown)." Even when these allegations are viewed under the appropriate standard, they are still insufficient to state § 1983 claims against Hopson and Johnson.

In his opposition to dismissal, Hickmon contends that these defendants personally participated in the deprivation of rights by: 1) holding him to more stringent licensing requirements because of his race; and 2) participating in harassing interviews and inspections. Taken as true, these allegations may state § 1983 claims against Hopson and Johnson. However, Hickmon's complaint as currently drafted does not include any of these allegations and thus fails to specify

"facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." Mayorga, 442 F.3d at 1132.[4]

Because Hickmon may be able to state claims against the defendants in their individual capacities, I will dismiss the § 1983 claims against Hopson and Johnson without prejudice and afford plaintiff thirty (30) days from the date of this Order to amend his complaint. Hickmon should also be provided an opportunity to amend because the §§ 1985 and 1986 claims as currently drafted fail to identify which defendants are even allegedly involved in the civil conspiracy. As such, the complaint lacks the requisite level of specificity to put defendants on notice of the allegations against them. Dismissal without prejudice is therefore appropriate. In addition to the other pleading deficiencies noted above, Hickmon's amended complaint should also list each defendant (known or unknown) in the caption of the complaint and identify the parties in the body of the complaint. Each count of the complaint must also specify the defendant or defendants named in that count.

---

[4]In opposition to dismissal, Hickmon also alleges that Hopson and Johnson were involved in the alleged civil rights conspiracy pleaded in Count VI of the complaint. However, Count VI of the complaint contains no allegations against these defendants, and the "wherefore" clause is directed at "individual Missouri Gaming official(s) (names unknown)," among others. Defendants Hopson and Johnson are not "unknown" gaming officials; they are known defendants. If Hickmon intends to assert a conspiracy claim against these defendants, he must state so specifically.

Because Hickmon is being granted leave to amend his complaint to correct these pleading deficiencies, defendants' assertion of qualified immunity is premature at this time. For this reason, I will deny defendants' qualified immunity defense without prejudice, subject to being raised again in response to plaintiff's amended complaint.

Finally, defendants challenge Hickmon's attempt to name several John Doe gaming officials in this case. Defendants correctly note that Hickmon refers to "individual Missouri Gaming officials (names unknown)" in the body of his complaint and in his opposition to dismissal, but the caption of his complaint does not indicate an intent to name any John Doe Missouri Gaming defendants. This problem should be corrected with the filing of the amended complaint. Hickmon is not, however, precluded from maintaining an action against fictitious parties at this stage of the proceedings. "[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (internal citations and quotation marks omitted). "If discovery identifies other persons who should be named as defendants, it will be simple enough for plaintiff to add them by amendment, after securing leave of court." Id. In such a case, rather than

dismissing a claim, a court should order the disclosure of the fictitious party's identity by other defendants named and served, or permit the plaintiff to identify the person through discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). Therefore, Hickmon's amended complaint should include allegations specific enough to permit the identity of the John Doe Missouri Gaming defendants to be disclosed by the named Missouri Gaming defendants or ascertained after reasonable discovery.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss of defendants Missouri Gaming Commission, Hopson and Johnson [# 7] is granted **only** as follows: plaintiff's complaint for damages against the Missouri Gaming Commissioners in their official capacities is dismissed; plaintiff's complaint against defendants Missouri Gaming Commissioners in their individual capacities, Hopson and Johnson is dismissed without prejudice; plaintiff shall file an amended

complaint in accordance with this Memorandum and Order within thirty (30) days

from the date of this Order. **In all other respects, defendants' motion is denied.**


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE


Dated this 15th day of September, 2006.